HENRY C. ALLEN, Respondent, v. ISAAC L. BERRY *et al.*, Appellants.

1. *Equity—Fraudulent conveyance—Vendee, offset by —What not permitted.* —Where a creditor purchases the land of his debtor at sale under execution, and brings suit against the debtor and a third party to set aside as fraudulent a conveyance of the land from the former to the latter, no principle of equity will permit the fraudulent grantee to offset against .the value of the property the amount he may have paid for it. The fraud renders the deed absolutely void as to creditors, and plaintiff is entitled to recover the property and its rents, etc., as though no such fraudulent deed ever had been made.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead*, for appellants.

*Hill & Jewett*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was a suit instituted in the Franklin Circuit Court, and brought to the St. Louis Circuit Court by change of venue, to set aside as fraudulent and void as to this plaintiff certain deeds of conveyance of lands in Franklin county, made by the defendant Berry to his co-defendant, Jones. Among the pieces of property so conveyed was a lot and house known as the Hamilton house, on which there was a mortgage to the county at the time the alleged fraudulent deeds were made. After this Hamilton house was conveyed to Jones, the evidence shows that he put improvements on it to the amount of some $1,200 or $1,500. The plaintiff was a creditor of Berry and recovered judgments against him, and under execution on these judgments bought the Hamilton house and the other property in 1860. The defendant Jones,

Allen v. Berry et al.

however, held possession of the Hamilton house up to 1864, for four years, and the rents and profits were proven to be worth $100 per annum. The mortgage of the county was at this time foreclosed by sale, and this property brought $2,400, which, after payment of the county debt of some $1,700, went into Jones' hands. The evidence also shows that Berry had put notes into Jones' hands to pay the county mortgage, but he did not so appropriate them.

The evidence clearly conduces to show that the conveyance by Berry to Jones was made to defraud his creditors, and that Jones was apprised of this, and accepted the deeds to aid in the fraud. The court below so found and made a decree in favor of the plaintiffs for all of the property except one piece, which was conveyed by Mrs. Berry and belonged to her; and also decreed that Jones should pay to the plaintiff $400, the rent of the Hamilton house for the four years he held it. The decree does not refer to the improvements made by Jones on the Hamilton house, nor does it charge him with the overplus money he received at the sale under the county mortgage, which, with other moneys collected by him, was more than the amount of the alleged improvements.

The case has been argued here as though Jones was entitled in this suit to claim as trustee, or as an equitable set-off, whatever amounts he may have paid for the property, or what he may have paid for Berry after his purchase. We know of no principle of equity which allows a fraudulent grantee to offset against the value of the property the amount he may have paid for it. The fraud renders the deeds absolutely void as to creditors, and the plaintiff, who was a creditor, and as such became the purchaser, is entitled to recover the property and its rents, etc., as though no such fraudulent deeds ever had been made. They are nullities as to him.

Upon the whole case we see no error in the decree of which the defendants can complain.

Let the judgment be affirmed. The other judges concur.