Bick v. Seal.

---

J. J. Bick, Plaintiff in Error, v. J. E. Seal and Sarah A. Seal, Defendants in Error.

St. Louis Court of Appeals, May 12, 1891.

1. **Contracts: ILLEGAL CONSIDERATION: SALES OF LIQUORS WITHOUT LICENSE.** If the consideration of a contract is illegal in whole or in part, this defeats the entire contract, and it is immaterial, whether such illegality is disclosed by the contract or is established by evidence *aliunde*. *Held*, accordingly, that a mortgage would not be enforced by the courts, since the note secured by it was given for an account, consisting in part of items for liquors sold on credit to the mortgagor by the mortgagee without license, and since the statute forbade such sales and declared them void and the indebtedness therefor unenforceable.

2. ———: ———: **RATIFICATION.** When a debt is invalid by reason of the illegality of its consideration, it is not made valid by a new promise for its payment. In this cause it appeared that a debtor gave property in payment of a debt, which was illegal because contracted in part for the sale of liquors without license, whereupon the wife claimed the property as hers and a compromise was affected, in accordance wherewith the sale was rescinded, and the debtor and his wife gave their note and mortgage for the debt; and it was *held* that the illegality arising from the manner of the creation of the debt also attached to such note and mortgage, and rendered the same invalid.

*Error to the Monroe Circuit Court.*—Hon. Thos. H. Bacon, Judge.

Affirmed.

*R. N. Bodine*, for plaintiff in error.

*T. B. Bashaw* and *R. B. Bristow*, for defendants in error.

THOMPSON, J.—This was an action of replevin. The plaintiff, according to the admissions in his reply, claims under a chattel mortgage given by the defendant to secure a promissory note payable to one J. E. McLeod. Although the note and mortgage securing the same were in terms executed to McLeod, the plaintiff was the real beneficiary therein, and they were transferred to the plaintiff by McLeod. There was a trial before a jury, and a verdict and judgment in favor of the defendants, to reverse which the plaintiff prosecutes this writ of error. Although the record is a voluminous one, and the transaction involved in it has a considerable history, we shall deal only with a single element of the defense, which was that the consideration of the note secured by the chattel mortgage was charges for whiskey, brandy, wine, beer and other spirituous, vinous and malt liquors, sold by the plaintiff to the defendant, J. Elbert Seal. Although the answer charges that such was the *entire* consideration of the note, the evidence shows that the sale of intoxicating liquors by the plaintiff to the defendant, J. Elbert Seal, was really but a small portion of the consideration. The note was for the sum of $600 ; and, although charges for beer and "medicine" (the latter being whiskey) were scattered plentifully through the mercantile account which forms a part of the consideration for which the note was given, yet it is said by counsel for the plaintiff in error that the total amount of these charges is less than $8. We have not taken the pains to go into the evidence minutely for the purpose of seeing what this amount was, because we regard it as immaterial. It was admitted by the plaintiff himself, on the witness stand, that such was a portion of the

Bick v. Seal.

consideration of the note. That admission put him out of the record, and renders it unnecessary for us to examine the record in detail to see whether errors were committed upon the trial; because, with that admission in his testimony, he cannot recover, and, therefore, there can be no reversal in order that he may put the defendants to the expense of another trial, which must be equally fruitless if the law is administered. The court instructed the jury "that, if they believed from the evidence that any part of the consideration of the note of $600 offered in evidence by the plaintiff, and described in the chattel mortgage of Sarah A. Seal and J. E. Seal to J. E. McLeod, and offered in evidence, was for whiskey and intoxicating beer or other alcoholic liquors, if any, sold by the plaintiff or his agent to defendant Seal, for beverage purposes, and that said plaintiff knew that said liquor was so sold to defendant for beverage purposes, the plaintiff cannot recover in this action," etc. This instruction, in our judgment, expresses the conclusion of the law upon the plaintiff's own evidence, and the court might with equal propriety have directed a verdict for the defendants upon that evidence.

It is a general rule of law that, "if the consideration of any contract, either in whole or in part, be illegal, this defeats the entire contract, and it is wholly immaterial, whether the contract discloses such illegality, or it be established by evidence *aliunde*." *Sumner v. Summers*, 54 Mo. 340, 346. This principle was applied by the supreme court of the United States in an action upon two promissory notes, a part of the consideration of which was the purchase price of goods sold by the plaintiff for the purpose of being used in aid of the late rebellion against the authority of the United States. In giving the opinion of the court, Mr. Justice BRADLEY said: "A portion of their consideration was stores and supplies furnished to the army contractor of the Confederate government, and another portion was

due bills issued for the same consideration, and received by Hunter and Oakes, with full notice of their character. If either of these portions of the consideration on which the notes were given was illegal, the notes are void *in toto*. Such is the elementary rule, for which it is unnecessary to cite authorities." *Hanauer v. Doane*, 12 Wall. 342, 345. Our courts act on the same principle in respect of fraudulent conveyances, so that, where the vendee participates to any extent in the purpose of the vendor to hinder, delay and defraud the creditors of the vendor, the whole conveyance is void, and the vendee cannot recoup in respect of any advances which he may actually have made to the vendor. *Allen v. Berry*, 50 Mo. 90 ; *McNichols v. Rubleman*, 13 Mo. App. 515 ; *St. Louis Coffin Co. v. Rubelman*, 15 Mo. App. 280.

In this case the uncontradicted evidence is to the effect that the plaintiff had no license to sell intoxicating liquors, and that all the items of intoxicating liquors charged for in the bill which is in evidence were in less quantities than one gallon. By the statute law of this state, "No person shall, directly or indirectly, sell intoxicating liquors in any quantity less than one gallon, without taking out a license as a dramshop keeper." R. S. 1889, sec. 4570 ; R. S. 1879, sec. 5436. By another section of the same statute : "All sales made by him ( that is, by a dramshop keeper ) on credit are declared void and of no effect, and the debt thereby attempted to be created shall not be recoverable at law." A part of the consideration of the note, to secure which the chattel mortgage was given by the defendants to the plaintiff, consisted, therefore, of items of indebtedness which the statute law declares to be void, and not recoverable. It further conclusively appears that such indebtedness accrued under such circumstances that every item thereof involved the doing of an act which the statute denounces and punishes as a misdemeanor. It is a principle of law, to which there is probably no

exception, that the courts of a state will afford no remedy upon a contract, the consideration of which consists, in whole or in part, of acts done in violation of the criminal laws of the state. If the act consists in the violation of a by-law or ordinance of a municipal corporation merely, that stands on a lower plane, and the principle may not apply.

Nor does the fact, disclosed by the evidence in this case, that the note in question was given in settlement and compromise of a litigation, take the case out of the rule. That evidence is to the effect that most of the property involved in this action came to the defendant, J. Elbert Seal, through his wife, she having inherited it from her father; that he and his wife had a falling out and temporarily separated; that while she was absent he made an absolute bill of sale of the property to the plaintiff and delivered possession thereof to him; that the wife soon after returned and took up her residence with the husband; that thereafter she brought an action of replevin for the property, claiming it as her own, and exempt from her husband's debts; that, by reason of the fact that the defendant spirited away and secreted the property, the sheriff could not find it, so as to take it into possession under the delivery order; that in this state of things, and being in great distress of mind, she consented to the compromise arrangement, whereby something was added to the indebtedness, and she and her husband executed their joint promissory note to McLeod, and also executed the mortgage to secure the same,—McLeod being within the intent of the parties the trustee of the plaintiff. We do not understand that the fact, that there was a second promise in the form of this $600 note, into which a new consideration, lawful in its character, mingled, the consideration of the purpose of adjusting a doubtful litigation, takes the case out of the rule. It remains, that a part of the consideration of the note was for the unlawful sales of the intoxicating liquors, and this condemns the

whole. In so far as the consideration of the bill of sale was illegal, the giving of the subsequent note and mortgage is to be regarded as merely the attempt to consummate, by a new contract, a previous illegal contract. In such cases the law is, that the new contract is void equally with the old one. *Woodworth v. Bennett*, 43 N. Y. 273. If the old contract had been closed up *and settled*, it may be conjectured that the rule would be different, though it is not necessary to express an opinion on the point. "The distinction," says MULLETT, J., "between a void and a valid new contract, in relation to the subject-matter of a former illegal one, depends upon the fact whether the new contract seeks to carry out or enforce any of the unexecuted provisions of the former contract ; or whether it is based upon a moral obligation growing out of the execution of an agreement which could not be enforced by law, and upon the performance of which the law will raise no implied promise. In the first class of cases no change in the form of a contract will avoid the illegality of the first consideration ; while express promises based upon the last class of considerations may be sustained." *Gray v. Hook*, 4 N.Y. 449.

The principle is that, where the original promise is tainted with illegality, it cannot be *ratified* by a new promise. As was said by Chief Justice BEASLEY : "There is undoubtedly a class of claims which, having a moral but no legal efficacy, can be the subjects of ratification. But it is to be remembered that the effect of a ratification is to impart validity to the original agreement. Such act creates no new obligation ; it merely extends the continuance of, or legalizes, one already in existence. The maxim of the law is, '*Omnis ratihabitio retrotrahitur et mandato priori equiparatur*.' It follows, therefore, as a consequence which is entirely unavoidable, that there can be no such thing in law, strictly speaking, as a ratification of a transaction which, at the time of its performance, was prohibited

Bick v. Seal.

by statute. The parties cannot legalize that which the law has declared illegal." *Reeves v. Butcher*, 31 N. J. L. 224.

In *Gwinn v. Simes*, 61 Mo. 335, 339, our supreme court quoted and expressly approved both of the foregoing passages, and added the following, in its opinion, given by Mr. Justice HOUGH: "As the law will not aid either party to an illegal transaction, by implying, from the circumstances or subject-matter of such transaction, any obligation on the part of either which it will enforce, a new express promise must always appear in order to create any legal obligation, and where the original consideration was immoral or illegal, of course no new promise based thereon can be of any avail."

Of course, the plaintiff is not remediless as to so much of the items of indebtedness which form the consideration of the note as did not consist of the purchase price of intoxicating liquors. But he cannot recover on the note, or make it the foundation of any affirmative relief in the judicial court, for the reason, already stated, that a part of the consideration of it being illegal the law does not discriminate between that part and the part which is legal, but condemns the whole. The doctrine of apportionment of contracts has no reference to cases where a part of the consideration of an entire contract is *malum prohibitum*. The note is void, and the mortgage securing it, being but an incident of it, falls with it. But, of course, the plaintiff can maintain an action against the defendant, J. Elbert Seal, upon those items of the account which are not tainted with illegality.

The judgment of the circuit court will be affirmed. All the judges concur.