FIRST NATIONAL BANK OF MEXICO, MISSOURI, Respondent, v. E. B. GREGG, Appellant.

St. Louis Court of Appeals, April 29, 1898.

1. **Promissory Note:** CONSIDERATION: COMPOUNDING A FELONY: ILLEGAL CONTRACT. If the promise of the cashier not to prosecute Vaughn formed the consideration, either in whole or in part of the note in suit, then the contract is illegal, and it can not be enforced under any circumstances.

2. ———: ———: ———: RATIFICATION OF ILLEGAL CONTRACT. And the contract is incapable of ratification, under the circumstances in the case at bar.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

EDMONSTON & CULLEN for appellant.

The evidence in this case tended to show that the note was given in consideration that a felony be compounded. The testimony is direct, clear and positive that such was the case, and the testimony of the cashier of plaintiff is sufficient to raise such an implication. That there was evidence tending to sustain this defense is so clear that it does not admit of doubt. This being true, the case should have gone to the jury. If the note was given on such consideration it was utterly void. R. S. 1889, sec. 3681; Maloney v. Fidelity Co., 71 Mo. App. 1; Janis v. Roentgen, 52 Mo. App. 114; Turley v. Edwards, 18 Mo. App. 676; McCoy v. Green, .83 Mo. 626; Baker v. Farris, 61 Mo. 389; Summers v. Summers, 54 Mo. 341; Chelt. Fire Brick Co. v. Cook, 44 Mo. 29; Sprague v. Rooney, 104 Mo. 349. Indeed, the trial court, as will be seen by its opinion, made a part of the bill of exceptions, gave the peremptory instruction, not because there was no evidence tending to show illegality, but because the defendant had ratified the illegal contract by taking a mortgage to secure the note which the note sued upon was given in renewal of. In this the court committed egregious error. An illegal contract can not be ratified. It is not within the power of either party to waive the illegality. The receipt and retention of anything of value does not preclude the defense of illegality. This is the universal doctrine. Bick v. Seal, 45 Mo. App. 475–480; Maloney v. Fidelity Co., 71 Mo. App. 1; Ins. Co. v. Hull, 51 Ohio St. 25; L. R. A. 37; Coppell v. Hall, 7 Wall.

542-558; Bank v. Owens, 2 Pet. 538; Sprague v. Rooney, 104 Mo. 349-358.

GEORGE ROBERTSON for respondent.

The defendant ratified the signing of his name to the first note, took the indebtedness from the bank, made his own note for it, the one sued upon, and accepted the indemnity. And if he has done this he can not be heard to say that the debt sued upon is not his and for a valid consideration. It is said in Davis v. Krum, 12 Mo. App. 287: "It is well settled that a principal by keeping the fruits of an unauthorized act of his agent after knowledge of the fact, ratifies the act and makes it his own." It would be unjust for him to retain the fruits of the transaction and not be bound by it. He has accepted the property conveyed to him by the mortgage for the very purpose of paying this debt and for the purpose of holding him harmless by reason of having made it his debt, and if he ratifies, he ratifies the whole transaction and not a part of it. Norton v. Bull, 43 Mo. 113; Watson v. Bigelow, 47 Mo. 413. The defendant can not now be heard to say that any part of the transaction was not ratified, for by having ratified and accepted the fruits of part of the transaction he is bound by the whole of it. He can not be heard to say that he will accept the indemnity and repudiate the note. Nichols v. Kern, 32 Mo. App. 1; Shoninger v. Peabody, 57 Conn. 42. The facts of this case bring it within the principle announced in the case of Barrett v. Davis, 104 Mo. 562, where it is said that a party can not reap the advantages a transaction would give to him and destroy the fruits that it gives to the other party.

BIGGS, J.—This is an action on a promissory note for $2,000, dated May 26, 1896, due six months after

date and signed by the defendant and one F. B. Vaughan.

The defendant admitted the execution of the note. His defense was that the note was given in consideration of an agreement on the part of the officers of the plaintiff to compound a felony. At the close of the evidence the circuit court directed the jury to return a verdict for the plaintiff, which was done, and judgment entered accordingly. The defendant has appealed. Concerning the defense attempted to be made the evidence of defendant tended to prove these facts: On the twenty-sixth day of November, 1895, Vaughan forged the name of the defendant to a note for $2,000. STATEMENT. The note was given for money borrowed by Vaughan from the plaintiff. The note matured on May 26, 1896, and Vaughan failed to pay it. The defendant was not advised of the existence of the note until about the first of June, 1896. Thereafter, about the twentieth of June, Vaughan wrote to him to come to Mexico. The defendant came in obedience to the request and he and Vaughan talked about the note, and during their conversation Vaughan informed the defendant that on the twentieth of May he had executed and put upon record a mortgage upon certain personal property to secure the defendant against any liability on the forged note. This was the first information that the defendant had of the mortgage. Thereupon the defendant and Vaughan had a conference with the cashier of the plaintiff, and the defendant informed the cashier that his (defendent's) name had been forged to the note, and that he would not pay it; that the cashier then told the defendant that the property which Vaughn had conveyed in the chattel mortgage, together with what would be realized from the assigned estate of Vaughan, would pay the note; that the defendant would run no risk in assuming the debt;

that if he did not do so Vaughan (who was a relative of defendant's wife) would be prosecuted for forgery, and that in order to protect Vaughan from prosecution the defendant did assume the debt and then and there executed the note in suit, which was dated as of May 26, the date of maturity of the forged note. The evidence also tended to prove that the old note was assigned to the defendant; that he had it allowed against the assigned estate of Vaughan; that he collected dividends thereon from the assignee, and that he sold the property included in the chattel mortgage. It appeared, however, that the amounts thus received by defendant were paid to plaintiff and were entered as credits on the note here sued on.

Under the foregoing testimony we are of the opinion that the circuit court committed error in directing a verdict for the plaintiff. We concede that the facts and circumstances strongly support the statements of the cashier to the effect that he made no threats to prosecute Vaughan and that the object of the defendant in executing the new note was to secure an extension of the old debt which he had previously assumed. But the evidence of the defendant justifies contrary legal inferences, that is that he had no knowledge of the forgery until June 1; that he had no knowledge of the mortgage until June 20, the day he had the conference with plaintiff's cashier; that previous to this conference he had not either directly or inferentially, ratified the unauthorized use of his name; that he stated to the cashier that his name had been EVIDENCE. forged, and that he denied liability on the note; that his agreement to assume the debt was simultaneous with the execution of the new note and was evidenced by it, and that he was induced to go into the arrangement in order to save Vaughan from a criminal prosecution. This view of the testimony

disposes of the main argument of counsel for respondent to the effect that the alleged promise of the cashier not to prosecute Vaughan could not have formed any consideration or inducement for the execution of the new note, since all of the evidence tended to show that prior to the conference between defendant and the cashier, the former had accepted the security afforded him by the chattel mortgage, thereby ratifying the act of Vaughan in signing his name to the first note, and that therefore in executing the new note he simply provided for the extension of his own debt.

If the promise of the cashier not to prosecute Vaughan formed the consideration, either in whole or in part of the note in suit, then the con-

COMPOUNDING a felony: illegal contract.

tract is illegal, and it can not be enforced under any circumstances, and it is incapable of ratification. Bick v. Seal, 45 Mo. App. 480. Hence the contention that by accepting the benefits of the assignment and selling the mortgaged property the defendant ratified the contract, or that he is estopped from insisting on the illegality, can not be sustained.

With the concurrence of the other judges, the judgment of the circuit court will be reversed and the cause remanded. It is so ordered.