MANUFACTURERS NATIONAL BANK *vs.* SIMON MANUFACTURING
COMPANY & others.

BENJAMIN GOLDSTEIN *vs.* SAME.

MASSACHUSETTS TRUST COMPANY *vs.* SAME.

Suffolk. March 21, 1919. — May 20, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Master's report, Appeal. *Equity Jurisdiction,*
To reach and apply property fraudulently conveyed. *Fraud,* Against credi-
tors. *Wrongdoer without Remedy.*

Where in a suit in equity objections were filed to the report of a master but no ex-
ceptions founded on them were filed and the case came before this court on an
appeal from a final decree, the evidence not being reported, it was *pointed out*
that the findings of the master must be taken as true and that the only
question was whether the final decree was warranted on the pleadings and the
findings of the master.

In a suit in equity against a business corporation to reach and apply to the payment
of a debt to the plaintiff property of the principal defendant conveyed to a new
corporation in fraud of the creditors of the principal defendant, it was found
by a master that a certain person was the president, treasurer and a director
of the principal defendant and was the holder of all its capital stock except one
share, and that under the by-laws and a vote of the directors this controlling
officer and stockholder had control of the business and property of the principal
defendant, that this controlling officer and stockholder, being in financial diffi-
culties, by reason of which his individual property and that of the principal
defendant were attached, in an attempt to put the property of the principal de-
fendant out of the reach of the plaintiff and its other creditors, organized the
new corporation, which took possession of the assets and plant of the principal
defendant and continued in the same business in the same place, with the same
machinery, fixtures and merchandise, without paying anything for such assets
and without complying with St. 1903, c. 415, relating to sales of merchandise in
bulk, and that the new corporation in order to maintain its credit paid the mer-
chandise creditors of the principal defendant out of the accounts and notes
receivable of that defendant. The master found in conclusion that the new
corporation was nothing but the principal defendant operating under another
name and that the conveyance and taking over of the assets of the principal
defendant were a fraud on the creditors of that defendant. He also found
that at the time of the hearing no property then in the possession of the new
corporation could be positively identified as having belonged formerly to the
principal defendant. The trial judge found that the transfer was a fraud on
the creditors of the principal defendant, in which the new corporation partici-
pated, and that the new corporation was liable to the plaintiff, and also found

that, because of intentional fraud on the part of the new corporation, that corporation was not entitled as against the plaintiff to an allowance for amounts paid by it to the merchandise creditors of the principal defendant. *Held,* that on the facts found by the master the findings of the judge were warranted; that the transfer of the property and assets of the principal defendant was a fraud upon the creditors of the principal defendant; and accordingly that the property in the hands of the defendant new corporation could be applied in satisfaction of the debt of the principal defendant to the plaintiff creditor.

In the same case it was *held* that the defendant new corporation, having participated actively in the fraud, could not be relieved from the consequences of its fraudulent conduct, and therefore could not be allowed for the amounts that it had paid in satisfaction of the claims of the merchandise creditors of the principal defendant, such payments having been made in pursuance of a dishonest purpose to defraud the other creditors of the principal defendant and to maintain its own credit.

In a similar suit in equity brought by a trust company, which had discounted for the controlling officer and stockholder three notes of the principal defendant, it was contended by the defendant new corporation that it was not liable to the trust company because the proceeds of these notes were applied by such controlling officer and stockholder to his individual business. It was not found by the master that the proceeds were so applied; but it was *said,* that, if that fact had appeared and if it were assumed that that defence was open to the defendant new corporation, the plaintiff trust company still would have been entitled to recover the amount of these notes from the defendant new corporation, because the master found that "these notes . . . were all ordinary commercial paper, with nothing in their appearance or in the circumstances surrounding their execution and negotiation to put the trust company officials on inquiry, or cause them to believe or suspect that the [principal defendant] appeared thereon as an accommodation maker (as claimed), that the proceeds of these notes were being diverted from the corporation by [the controlling officer and stockholder] (if such was the fact), that he intended so to use them, or that his use of the name of the corporation in connection therewith as above was unauthorized."

In the same case it was *pointed out* that, the notes having been discounted by the trust company in good faith in the usual course of business at the request of the controlling officer and stockholder, acting in behalf of the principal defendant as its treasurer and in accordance with its by-laws, the circumstance that the proceeds of the notes were credited to his individual account, and the other facts found by the master, fell far short of a finding that the plaintiff trust company was to be charged with knowledge that the proceeds were applied to the individual business of the controlling officer and stockholder, and that the master was warranted in finding that the trust company had no reason to believe that the proceeds were not to be used for the benefit of the principal defendant.

THREE BILLS IN EQUITY, filed in the Superior Court, the second on July 14, 1916, and the first and third on August 10, 1916, each by a creditor of the Simon Manufacturing Company, a corporation, under R. L. c. 159, § 3, cl. 8, to reach and apply assets of that corporation alleged to have been conveyed without consideration and in fraud of creditors to the Simon Coat Company, a

corporation caused to have been incorporated for the fraudulent purpose of receiving such assets.

The first and third cases were referred to a master, who made the findings that are stated in the opinion. The second case, of Goldstein, was heard by *Fox*, J., who made a memorandum of decision containing the agreement of the parties, referred to in the opinion, that the question of fraudulent transfer from the Simon Manufacturing Company to the Simon Coat Company should be governed by the decision of the similar issue in the two other cases which had been referred to a master, and the proceedings were suspended for that purpose.

Later, no exceptions to the master's report having been filed, the cases were heard together by *Wait*, J., on a motion for the entry of final decrees, and by order of the judge final decrees were entered for the respective plaintiffs against the defendant Simon Manufacturing Company and the defendant Simon Coat Company. Both of those defendants appealed in each of the three cases.

The cases were submitted on briefs.

*S. Sigilman*, for the defendants.

*W. Hirsh*, for the plaintiffs the Manufacturers National Bank and the Massachusetts Trust Company.

*L. Marks*, for the plaintiff Goldstein.

CROSBY, J. These are suits in equity by which the plaintiffs seek to reach and apply property alleged to have been conveyed by the Simon Manufacturing Company to the Simon Coat Company, in fraud of the creditors of the former. The first and third cases were referred to a master. The second case was heard by a judge of the Superior Court, who found that the Simon Manufacturing Company owed the plaintiff $4,961.67. It was agreed by the parties in that suit that the question of the fraudulent transfer to the Simon Coat Company should be governed by the decision of a similar issue in the first and third suits. While objections to the master's report were severally filed by the defendants in the first and third suits, no exceptions to the report were filed, so that the only question is, are the final decrees warranted on the pleadings and findings of the master. *Whitworth* v. *Lowell*, 178 Mass. 43. *Huntress* v. *Allen*, 195 Mass. 226. *Lipsky* v. *Heller*, 199 Mass. 310.

The evidence not being reported, the facts found by the master

must be taken as true for the purposes of these cases. *East Tennessee Land Co.* v. *Leeson,* 183 Mass. 37.

The master found that the Simon Manufacturing Company was organized in 1909, and thereafter engaged in the business of making sheepskin and leather-lined coats; that one Isaac Simon was the president, treasurer, a director and the principal stockholder of the company; that the capital stock of $50,000 was divided into five hundred shares, of which Simon originally held four hundred and forty-nine and afterwards acquired fifty more, thereby owning all the stock except one share; that under the by-laws the treasurer was empowered to make notes, drafts, checks and other instruments on behalf of the company for any legitimate purpose to aid and prosecute the interests of the corporation; that by vote of the directors passed in 1911 the treasurer was empowered to purchase merchandise, to deposit the money, checks and securities of the company in some bank or trust company by him to be chosen, to borrow money on behalf of the corporation, and to sign checks, notes and drafts; that a similar vote was passed each year thereafter up to and including 1914.

He also found that in the spring of 1915 Simon (owing to certain real estate transactions) found himself in financial difficulties, by reason of which his individual property and that of the corporation were attached; that "In an attempt to relieve the situation, . . . and at the same time put the property of the Simon Manufacturing Company out of the reach of the plaintiff banks in case it should turn out that their claims against the Simon Manufacturing Company on the several notes . . . referred to in the bills of complaint were valid, Simon organized the defendant Simon Coat Company on October 4, 1915, . . . to succeed to the business of the Simon Manufacturing Company;" that "the new company simply took possession of the assets and plant of the old, and continued in the same business, in the same place, and with the same machinery, fixtures, and merchandise, as before; that for these assets the Simon Coat Company paid nothing; that according to an inventory prepared by Simon at the time the Simon Coat Company was formed they represented a total value of $18,095.54;" that there was no compliance with St. 1903, c. 415, and the effect of the above transaction was to leave the Simon Manufacturing Company with no property which could be at-

tached or taken on execution in an action at law; that the company refused to produce its books at the hearing, although duly demanded, and their absence was not satisfactorily accounted for; and that the coat company in order to maintain its credit paid all the merchandise creditors of the manufacturing company out of the accounts and notes receivable of the latter.

The master found as a conclusion, from the evidence before him, that "The Simon Coat Company is nothing but the Simon Manufacturing Company operating under another name, and the conveyance to and the taking over by the Simon Coat Company of the assets of the Simon Manufacturing Company in the manner and under the circumstances hereinbefore described was a fraud on the creditors of the Simon Manufacturing Company;" and that "If material, there is no property now in the possession of the Simon Coat Company which can be positively identified as formerly belonging to the Simon Manufacturing Company."

A judge of the Superior Court upon a hearing for the entry of final decrees in the cases found, upon the facts found by the master, that the transfer to the Simon Coat Company amounted to a fraud upon the creditors of the manufacturing company, and that the coat company was liable to the plaintiffs; and that, because of active and intentional fraud on the part of the coat company, it was not entitled as against the plaintiffs to an allowance for amounts paid by it to the merchandise creditors of the manufacturing company.

We are of opinion that upon the facts found by the master a finding was well warranted that the transfer of the property and assets to the coat company was a fraud upon the creditors of the manufacturing company, and that the former is liable to these plaintiffs.

We are also of opinion that the facts found by the master warranted the further finding by the judge that the acts of the coat company were not merely a constructive fraud upon the creditors of the manufacturing company, but that they amounted to a positive, actual fraud in which the coat company participated. Under these circumstances the latter is not entitled to be allowed to deduct from the assets received by it the amounts paid to the merchandise creditors. The coat company, having entered into an unlawful scheme to delay and defraud the creditors of the manu-

facturing company in the collection of its debts, a court of equity will not relieve it from the consequences of its fraudulent conduct. *Wall* v. *Provident Institution for Savings,* 3 Allen, 96. *Lawton* v. *Estes,* 167 Mass. 181. *Fiske* v. *Fiske,* 173 Mass. 413. *Adams* v. *Young,* 200 Mass. 588, 592. Manifestly the amounts so paid to the merchandise creditors were so paid in pursuance of a dishonest purpose to defraud the other creditors of the Simon Manufacturing Company and to maintain the credit of the coat company; and, as the coat company actively participated in the fraud, it cannot be allowed for such payments. *Lynde* v. *McGregor,* 13 Allen, 172, 181. *Lamb* v. *McIntire,* 183 Mass. 367, 370. *Bolster* v. *Graves,* 189 Mass. 301, 307. *Kennedy* v. *Welch,* 196 Mass. 592, 595. *Rubenstein* v. *Lottow,* 220 Mass. 156, 169. *Lobstein* v. *Lehn,* 120 Ill. 549. *Biggins* v. *Lambert,* 213 Ill. 625. *Musselman* v. *Kent,* 33 Ind. 452. *Blair* v. *Smith,* 114 Ind. 114. *Thompson* v. *Bickford,* 19 Minn. 17. *Allen* v. *Berry,* 50 Mo. 90. *Loos* v. *Wilkinson,* 113 N. Y. 485. *Jackson* v. *Ludeling,* 99 U. S. 513. *Pritchett* v. *Jones,* 87 Ala. 317. *McCaskey* v. *Graff,* 23 Penn. St. 321. *Sullivan* v. *Tinker,* 140 Penn. St. 35. *Gilbert* v. *Hoffman,* 2 Watts, 66. *Henderson* v. *Hunton,* 26 Gratt. 926. *Stovall* v. *Farmers & Merchants Bank of Memphis,* 8 Sm. & Marsh. 305.

It is the contention of the Simon Coat Company that it is not liable on the three notes discounted by the Massachusetts Trust Company, because the proceeds of those notes were applied by Isaac Simon to his individual business. We are unable to agree with this contention. In the first place it is not found by the master that the proceeds of the note were so applied; although, if that fact had appeared, and if it be assumed that that defence is open to this defendant, the plaintiff still would be entitled to recover in view of the finding of the master that "these notes . . . were all ordinary commercial paper, with nothing in their appearance or in the circumstances surrounding their execution and negotiation to put the trust company officials on inquiry, or cause them to believe or suspect that the Simon Manufacturing Company appeared thereon as an accommodation maker (as claimed), that the proceeds of these notes were being diverted from the corporation by Simon (if such was the fact), that he [Simon] intended so to use them, or that his use of the name of the corporation in connection therewith as above was unauthorized."

The notes were discounted by the bank in good faith in the usual course of business at the request of Simon, acting on behalf of the company as its treasurer and in accordance with its by-laws. The circumstance that the proceeds of the notes were credited to the individual account of Simon, and the other findings, fall far short of requiring a finding that this plaintiff is to be charged with knowledge that the proceeds were applied to Simon's individual business. In view of the findings of the master and of the other findings recited in the report, the master was warranted in the conclusion that the trust company had no reason to believe that the proceeds were not to be used for the benefit of the manufacturing company. Under these circumstances the rights of this plaintiff would not be affected if Simon, after receiving the proceeds of the notes, fraudulently appropriated them to his own use. *Innerarity* v. *Merchants' National Bank,* 139 Mass. 332, 333. *Atlantic Cotton Mills* v. *Indian Orchard Mills,* 147 Mass. 268. *Indian Head National Bank* v. *Clark,* 166 Mass. 27. *Fillebrown* v. *Hayward,* 190 Mass. 472. *Broadway National Bank of Chelsea* v. *Heffernan,* 220 Mass. 247.

The decree for the plaintiff in each case must be affirmed with costs.

*So ordered.*