Botsford, J.
The plaintiff, Tom Demogenes (“Demogenes”), seeks to have a transfer of real property set aside on the ground that the transfer was a fraudulent conveyance. See G.L.c. 109A, §9(l)(a). The transaction at issue is the 1990 conveyance by defendant George M. Welch (“Welch”) of his interest in the defendants’ residence at 170-172 Llewellyn Street in Lowell (“the property”) to Welch’s wife, defendant Mary P. Welch, and son, defendant G. Kenneth Welch, for one dollar. Welch is an obligor on a promissory note that has been duly assigned to Demogenes. Demogenes now moves for summary judgment arguing that a United States Bankruptcy Court finding that the conveyance was fraudulent precludes litigation of that issue here. Demogenes’s motion shall be allowed.
BACKGROUND
For purposes of this motion for summary judgment, the following facts are undisputed:
On August 16, 1988, Welch, along with his sons Bryan Welch and Patrick Welch and a corporation called Chase Estates Development, borrowed the sum of $17,000.00 from Anthansas Homes, Inc. and executed a promissory note for that amount. Pursuant to the terms of the note, the obligors were jointly and severally liable. Payments of principal and interest were due at various times with the balance of the note due on or before May 16, 1989. On or about December 20, 1988, the note was duly assigned to Demogenes for valuable consideration. On October 25, 1990, Demogenes made written demand upon the obligors for the balance due on the note. Welch admits receipt of the written demand.
On December 31, 1990, the defendants, Welch, his wife Mary P. Welch, and his son G. Kenneth Welch, conveyed their respective interests in the property to Mary P. Welch and G. Kenneth Welch as tenants in common for one dollar. Welch owned no other property at the time of the conveyance. Subsequently, the defendants executed a promissory note to Jeanne D’Arc Credit Union for $85,000 and Mary and G. Kenneth Welch granted a mortgage on the property. Welch signed the promissory note to the Credit Union, continued to reside at the property, and made all mortgage and tax payments on the property.
In June of 1991, Demogenes brought an action in Lowell District Court against the obligors on the 1988 note, seeking full payment plus interest, costs and attorneys fees. On June 26, 1991, the court granted to Demogenes an attachment in the amount of $21,000 against Welch. The attachment was recorded in July of 1991 in the Middlesex County Registry of Deeds. Demogenes subsequently learned of the 1990 transfer of the property and filed this action to have the conveyance set aside as fraudulent.
On January 2, 1993, the defendants reversed the 1990 transfer of the property and Welch regained an interest in the property as a tenant in common with his wife and son. On January 20, 1993, Welch filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Demogenes objected to abankruptcy discharge on the ground that the 1990 conveyance was made by Welch with intent to hinder, delay, or defraud. On April 9,1993, Demogenes commenced an adversary proceeding against Welch in United States Bankruptcy Court.
The adversary proceeding went to trial in the Bankruptcy Court. Following trial, in a decision dated November 23, 1993, a judge of the Bankruptcy Court found that Welch had transferred the property “with intent to hinder, delay, or defraud a creditor,” and concluded that the December 31, 1990 conveyance of Welch’s interest in the property was fraudulent. The Court denied Welch’s discharge in bankruptcy pursuant to 11 U.S.C. §727(a)(2)(A).
DISCUSSION
Summaiy judgment shall be granted when there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
Demogenes argues that further litigation to determine whether the December 1990 transfer of the property was a fraudulent conveyance is barred by principles of issue preclusion. Issue preclusion prevents relitigation of an issue resolved in an earlier suit when the issue arises in a subsequent action between the same parties. Bagley v. Moxley, 407 Mass. 633, *187 634 (1990).[2] To prevail, Demogenes must show that the issue in the case at bar is factually and legally identical to the issue resolved in Bankruptcy Court. See Friedman v. Boston Broadcasters, Inc., 402 Mass. 376, 379 (1988). Demogenes must also demonstrate that the question of whether the conveyance was fraudulent was actually litigated in the Bankruptcy Court and was essential to the decision there. See Commonwealth v. Bunting, 401 Mass. 687, 691 (1988); Larson v. Larson, 30 Mass.App.Ct. 418, 427 (1991).
In support of his argument for issue preclusion, Demogenes has shown the required identity of issue. Pursuant to G.L.c. 109A, Demogenes seeks to have set aside as fraudulent the December 1990 transfer of Welch’s interest in the property to his wife and son. Under State law, “Every conveyance made . . . with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors, is fraudulent as to both present and future creditors.” G.L.c. 109A, §7. In Bankruptcy Court, Demogenes already proved, pursuant to 11 U.S.C. §727(a)(2)(A), that Welch transferred the property with actual intent to hinder, delay, or defraud. See In re Gipe, 157 B.R 171, 176 (Bkrtcy. M.D. Fla. 1993) (“it is well established that the intent to hinder, delay, or defraud creditors [found in 11 U.S.C. §727(a)(2)(A)] must be actual intent”). 11 U.S.C. §727(a)(2)(A) provides, in pertinent part, “The court shall grant the debtor a discharge, unless .. . the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred... property of the debtor...” Under both G.L.c. 109A, §7 and 11 U.S.C. §727(a)(2)(A), a court may infer such intent from the facts and circumstances surrounding the transaction in question, Id; Citizen Bank & Trust Co. v. Rockingham Trailer Sales, Inc., 351 Mass. 457, 460 (1966).
The issue of whether the 1990 transfer constituted a fraudulent conveyance was actually litigated in Bankruptcy Court and was essential to the outcome there. During the hearing on Demogenes’s motion for summary judgment, Welch admitted that he had a full and fair opportunity to litigate this issue in the Bankruptcy proceeding. See Fidler v. E.M. Parker Co., 394 Mass. 534, 539 (1985). Moreover, the written decision of the Bankruptcy Court demonstrates that the Court’s findings were the product of careful deliberation.[3] See id. at 541; Home Owners Fed. Sav. & Loan Ass’n v. Northwestern Fire & Marine Gas Co., 354 Mass. 448, 455 (1968). The written decision of the Bankruptcy Court and 11 U.S.C. §727(a)(2)(A), the federal statute that governed the outcome of the Bankruptcy proceeding, make clear that the question of whether the 1990 conveyance was fraudulent was essential to the Bankruptcy Court’s decision.
The doctrine of issue preclusion prevents relitigation of the question of Welch’s intent to hinder, delay, or defraud. This court, accordingly, accepts the finding of the Bankruptcy Court that, on December 31, 1990, Welch transferred his interest in the properly with actual intent to hinder, delay, or defraud a creditor. Pursuant to G.L.c. 109A, §7, therefore, the conveyance was fraudulent. Demogenes’s remedy, under G.L.c. 109A, §9(1)(a), is to have the fraudulent conveyance set aside to the extent necessary to satisfy his claim. Walworth Co. v. Locke, Stevens & Sanitos, 300 Mass. 557, 559 (1938).
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs’ motion for summary judgment be ALLOWED. A hearing is to be scheduled on the appropriate disposition of this case with respect to the defendant George M. Welch’s interest in the real property located at 170-172 Llewellyn Street in Lowell.

 “[Preclusion of] parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Fidler v. E.M. Parker Co., 394 Mass. 534, 539-40 (1985) (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979)).

 Demogenes prevailed in Bankruptcy Court by a preponderance of the evidence. A Federal Bankruptcy Court has read into G.L.c. 109A §7 a clear and convincing standard of proof. In re O'Day Corp., 126 B.R. 370, 410 (Bkrtcy. D.Mass. 1991). However, I find nothing in the statute itself or in decisions of Massachusetts courts to require use of an elevated burden of proof. Moreover, the Supreme Court has stated, “we presume that Ithe preponderance of the evidence] standard is applicable in civil actions between private litigants unless particularly important individual interests or rights are at stake." Grogan v. Garner, 498 U.S. 279, 286 (1991) (quotation omitted).