JOHN W. LAWTON & others *vs.* JOHN H. ESTES.

Bristol.    October 26, 1896. — November 24, 1896.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Equity — Fraud.*

One of several cotenants who has participated in an attempted fraud, whereby the estate was sold to another cotenant for the non-payment of taxes, cannot obtain the aid of a court of equity to recover from the purchaser what he has lost.

BILL IN EQUITY, filed in the Superior Court, by John W. Lawton, Louisa J. Lawton, Charles O. Estes, Joseph D. Estes, and Benjamin F. Estes, to compel the defendant to hold certain land which he purchased at a tax sale in 1880 in trust for the

plaintiffs, and to convey to them their respective undivided interests therein. The plaintiffs and the defendant were heirs at law of Job and Delilah Estes, and the land in question was set off to Delilah as her dower after the death of her husband in 1872. Delilah died on July 2, 1894.

The case was submitted to the Superior Court, and the judge made special findings of fact which it was agreed should be treated as in the nature of a report. There was a decree in favor of all the plaintiffs except Joseph and Benjamin, as to whom the bill was dismissed with costs, the judge finding as a fact that Joseph knew of and assented to the proceedings in regard to the tax sale, and to the purchase by the defendant, and that he and Benjamin joined in the scheme to defraud the other cotenants. Joseph appealed to this court.

*A. S. Phillips,* (*W. E. Fuller, Jr.* with him,) for Joseph D. Estes.

*M. Reed,* for the defendant.

MORTON, J. The question is, whether, upon the special findings of fact which it is agreed are to be treated as in the nature of a report, the decree was right as to Joseph D. Estes.

A valid sale for taxes to a stranger creates a paramount title in this State after the period for redemption has expired. *Langley* v. *Chapin,* 134 Mass. 82. There is nothing here to show that the sale was not valid, and the period for redemption expired several years ago. The sale was not, however, to a stranger. The defendant was a co-owner of the reversion with the appellant and the other plaintiffs; and the appellant contends that the purchase by the defendant at the tax sale constituted him a trustee for his cotenants, with the right of redemption in them. The prayer of the bill is that he may be declared a trustee, and ordered to convey.

But we think that the appellant is not in a position to take advantage of this contention. It is found as a fact that he knew of and assented to the proceedings in regard to the tax sale and to the purchase by the defendant, and that he and Benjamin joined in the scheme to defraud the other cotenants. Now that the scheme has failed, he seeks the aid of a court of equity to compel his partner in the attempted fraud to restore to him property which he had suffered him to acquire for the purpose

of promoting and carrying out the contemplated fraud. To obtain the relief which he seeks, he is obliged to rely upon the fraud to which he was a party. In such a case it is plain that equity will not aid him to recover what he has lost, and as between him and the defendant will not disturb the possession of the latter. *Wall* v. *Provident Institution for Savings,* 3 Allen, 96. *Wheeler* v. *Sage,* 1 Wall. 518. *Goddard* v. *Putnam,* 22 Maine, 363. *Osborne* v. *Moss,* 7 Johns. 161. It may be, as the counsel for the appellant suggests, though we do not find it necessary to decide the question, that, if he had seasonably repudiated the attempted fraud and notified his cotenants, he could have recovered from the defendant. *Taylor* v. *Bowers,* 1 Q. B. D. 291. But he did not do that. He was willing that the scheme should succeed, and expected to be benefited by it if it did.                                    *Decree affirmed.*