CHARLES B. SNOW, JR. *vs.* CHARLES H. BLOUNT & another.

Plymouth.    December 11, 1902. — January 8, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & BARKER, JJ.

*Equity Jurisdiction*, Plaintiff's conduct.

If, after the death of an intestate leaving certain land as his only property, his son and widow make a mortgage of this land, the proceeds of which are used to pay debts of the estate, one who, knowing of the mortgage, procures from the son as administrator a deed of the land under a sale ordered by the Probate Court to pay debts, the order being obtained without notice to the mortgagee and on a representation that the son is the only person interested, paying a price based on the value of the land after deducting the amount of the mortgage, cannot maintain a bill in equity to have the mortgage cancelled as a cloud upon his title.

BILL IN EQUITY, filed July 18, 1901, to restrain the foreclosure of a mortgage on certain real estate in Whitman.

In the Superior Court *Fox*, J. found that the plaintiff was not entitled to the aid of a court in equity, and ordered the bill dismissed with costs. At the request of the plaintiff the judge reported the case for determination by this court.

*C. B. Snow, Jr., pro se.*

*A. F. Barker*, for the defendants.

LATHROP, J. The plaintiff is an attorney at law who bought at private sale from the administrator of the estate of Maurice Finlon a parcel of land in Whitman for $90. This sale was authorized by a decree of the Probate Court. The plaintiff

seeks by a bill in equity to have a mortgage on the land, held by the defendants, declared a cloud upon his title and cancelled, and that the defendants be restrained from foreclosing the mortgage. The defendants are the administrators of the estate of Ethan Monroe, to whom the son and sole heir of Maurice Finlon, together with the widow of Maurice, executed the mortgage in question, after the death of Maurice. The son, before being appointed administrator, used the proceeds of the mortgage to pay in part his father's debts.

It may be true, as the plaintiff contends, that as the Probate Court had jurisdiction over the subject matter of the sale of the land for the payment of debts, the want of notice to the defendants' intestate does not affect the jurisdiction of that court, and that the decree authorizing the sale cannot be questioned in this proceeding, but only in the Probate Court. See *Bassett* v. *Crafts*, 129 Mass. 513; *McKim* v. *Doane*, 137 Mass. 195; *Harris* v. *Starkey*, 176 Mass. 445. See, however, *Shores* v. *Hooper*, 153 Mass. 228. On this point we express no opinion.

We are however of opinion that upon the facts found in the report the plaintiff is not entitled to come into a court of equity and ask for relief. It would seem that, upon these facts, the administrator perpetrated a fraud upon the Probate Court, and that the plaintiff participated in this fraud if he did not initiate it. However this may be, there was clearly a misrepresentation. The price which the plaintiff agreed to pay before the license to sell was procured, and which he did pay afterwards, was $90. This price was based upon the supposition that there were three mortgages existing upon the land. There were in fact two mortgages made by Maurice Finlon in his lifetime, the third mortgage being the one in question. The inventory of the estate, which was drawn by the plaintiff, describes the land as subject to the three mortgages. The petition for leave to sell, also drawn by the plaintiff, represents the debts to amount to $101.50, all of which had been paid before the sale except $20, and $25 with money raised on the mortgage. The plaintiff understood when he paid his money that most of it was for the administrator's personal use, and not for the payment of the debts of the estate except as it reimbursed him for the debts which he had paid. It is not stated in the report that the

administrator paid the debts out of his own money, and we infer from the report that what was paid came from the money paid by the defendant's intestate as the consideration for his mortgage.

The St. of 1886, c. 137, under which the license to sell was granted, requires a notice to all persons interested in the estate. In the present case no notice was given, and it is not contended that Monroe was not a person interested in the estate, yet the plaintiff who drew the petition represented the administrator as the only person interested; and thereby procured a license to sell without notice.

It is a familiar principle of equity that he who seeks equity must do equity. 1 Pom. Eq. (2d ed.) § 385 *et seq.* 1 Story, Eq. Jur. (Bigelow's ed.) § 64 *e.* This principle has often been applied in cases of bills for quieting title. 11 Am. & Eng. Encyc. of Law, (2d ed.) 160. *McQuiddy* v. *Ware*, 20 Wall. 14, 19.

In the present case we are of opinion that as the price which the plaintiff paid represented to his knowledge the equity in the land subject to three mortgages, he cannot by obtaining a deed from the administrator, in which the land is subject to only two of the mortgages, invoke the aid of a court of equity to have the third mortgage set aside.

It is also a familiar principle of equity that he who comes into equity must come with clean hands. 1 Pom. Eq. (2d ed.) §§ 397–404. 11 Am. & Eng. Encyc. of Law, (2d ed.) 162–164. *Atwood* v. *Fisk*, 101 Mass. 363. The plaintiff's conduct in this case brings him within this principle.

*Bill dismissed.*