MARIA L. S. GARGANO *vs.* FRANK J. POPE & others.

Suffolk.   December 7, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Contract,* Validity.   *Champerty.   Attorney.   Equity Jurisdiction.*

A contract by an attorney at law to prosecute an action for two thirds of the proceeds, with no indication that there is to be any compensation in case of failure, and where in case of success a debt for services is not in the contemplation of the parties, is void for champerty.

The fact that a plaintiff in equity could have set up the facts on which he relies as an equitable defence to an action at law does not deprive this court of jurisdiction in equity.

This court has jurisdiction in equity to set aside a contract void for champerty.

A client who has made with his attorney a contract in writing void for champerty is not barred as one *in pari delicto* from maintaining a suit in equity to set aside the contract.

The rule that one must come into equity with clean hands does not apply to a client bringing a suit in equity against his attorney to set aside as void for champerty a contract in writing to which the plaintiff is a party.

BILL IN EQUITY, filed June 28, 1902, to enforce the payment of $550 due to the plaintiff from the defendants Pope and Davis, and to set aside a contract between the plaintiff and the defendants Dowd and Tebbetts whereunder they claimed two thirds of the amount so due.

The contract in question was as follows:

" Agreement between Maria L. S. Gargano, of New York City, widow of Carmine Gargano, who was accidentally killed July 3, 1900, at East Boston, Mass., party of the first part, and George

W. Tebbetts and Frederick C. Dowd, attorneys at law, both of Boston, county of Suffolk and Commonwealth of Massachusetts, party of the second part, witnesseth :

"That, whereas, said party of the first part desires to prosecute an action at law to recover damages against the Equity Associates, so-called, of East Boston, for the death of her said husband.

"And whereas, the party of the first part has requested the parties of the second part to take such legal proceedings as may be necessary to recover such damages.

"Now, in consideration of the services rendered and to be rendered in the premises by the parties of the second part for and on behalf of the said party of the first part,

"It is agreed that said parties of the second part shall have authority irrevocable to act for the party of the first part, and to sue for, collect, release, discharge all claims due or alleged to be due to the party of the first part on account of the death of her said husband, and to adjust, compromise, settle and dispose of said claim, or damages awarded in whole or in part, precisely as the party of the first part might be bound by her own act under seal or otherwise, and further.

"It is agreed, that out of the moneys received before or after said settlement or compromise, the parties of the second part shall be entitled to retain for themselves, as compensation for their services, a sum of money equal to sixty-six and two-thirds per cent of the moneys so received, rendering the balance of one-third to the party of the first part, who hereby covenants and agrees to receive and accept such proportion from the parties of the second part, in full and complete settlement and acquittance of any claim growing out of this contract.

"And it is further agreed that said parties of the second part shall have an express lien on any judgment or settlement of the suit of said party of the first part against said Equity Associates, for all services rendered by the parties of the second part under this agreement.

"The said party of the first part hereby covenants and agrees to execute all papers, releases, or other writings deemed necessary by said parties of the second part in furtherance of this contract.

"In testimony whereof, we hereunto set our hands and seals this third day of July, A. D. one thousand nine hundred and one. Maria L. S. Gargano. [Seal.]    George W. Tebbetts. [Seal.] Frederick C. Dowd. [Seal.]

"Witness to all, having first faithfully interpreted the foregoing, reading the same in the Italian language to Maria L. S. Gargano: Michele Nigro."

The case was referred to J. A. Lowell, Esquire, as master. He found that the contract was void for champerty, that the defendants Pope and Davis should be ordered to pay the plaintiff $550, and that the contract should be declared to be void and ordered to be delivered up for cancellation.

The Superior Court made a decree for the plaintiff in accordance with the master's report; and the defendants Dowd and Tebbetts appealed.

The answer of the defendants Dowd and Tebbetts referred to in the opinion contained, among other matters in the nature of a demurrer, the allegations that the plaintiff had an adequate remedy at law, that no facts were alleged to show that the plaintiff was without a remedy at law, and that the bill set forth no grounds for equitable relief.

*S. H. Tyng,* for the defendants Dowd and Tebbetts.

*A. D. Hill,* (*L. E. Wyman* with him,) for the plaintiff.

LORING, J.    The only exception to the master's report taken by the defendants Tebbetts and Dowd is that he erred in his finding of law that the agreement in question was void for champerty.

The master's finding is as follows: "Findings of Law. . . . I find that the said agreement is void for champerty. It is a contract by the defendants to prosecute a suit at law for a percentage of the proceeds. There is no indication that there was to be any compensation in case of failure, and in case of success a debt for services was not in the contemplation of the parties. The provision as to lien was inserted to give the defendants a more secure hold on the proceeds."

The parties reduced their agreement to writing, and we agree with the master in the construction to be given to that agreement. The cases are reviewed in *Hadlock* v. *Brooks,* 178 Mass. 425, and nothing need be added here.

Apart from the objection that the defendants waived their demurrer (if the part of the answer relied on be taken to be a demurrer) by going to a hearing on the merits, there is nothing in the objection that the facts relied on as entitling the plaintiff to relief could have been set up as an equitable defence. That does not bar the plaintiff from obtaining relief in a court of equity if the court has jurisdiction. *Cook* v.. *Richardson*, 178 Mass. 125.

There is a jurisdiction in equity to relieve against a void contract made by a solicitor on the ground of constructive fraud, of which equity has jurisdiction. For an instance of the exercise of a similar jurisdiction see *Reynell* v. *Sprye*, 1 De G., M. & G. 660. See also *O'Brien* v. *Lewis*, 32 L. J. Ch. (N. S.) 569.

Since St. 1877, c. 178, now R. L. c. 159, § 1, this court has full equity jurisdiction. The cases are collected in *Niles* v. *Graham*, 181 Mass. 41.

The allegation in the bill admitted by the answer "that at the time of the execution of said agreement . . . [these defendants] . . . were acting as attorneys for the plaintiff in the matter of her said claim against the [other] defendants" does not prevent this conclusion. The agreement covers the "services rendered and to be rendered."

The plaintiff is not barred of her remedy as one *in pari delicto*, or who has not come into equity with clean hands. The money has not been paid to the attorneys and therefore it is not necessary to go so far as the court went in *Reynell* v. *Sprye*, 1 De G., M. & G. 660; *Cox* v. *Donnelly,* 34 Ark. 762; *Hale* v. *Sharp*, 4 Cold. 275.

*Decree affirmed.*