STANLEY W. C. DOWNEY *vs.* CHARLES S. GOVE COMPANY.

Suffolk.   December 10, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Jurisdiction,* To set aside mortgage and notes alleged to be illegal, Plaintiff must have clean hands.   *Assignment,* For benefit of creditors.   *Intoxicating Liquors.*

An assignee for the benefit of creditors cannot maintain a suit in equity to enjoin the foreclosure of a mortgage given to secure notes which the plaintiff's assignor gave in payment for intoxicating liquors purchased and received by him in violation of R. L. c. 100, §§ 1, 52.

An assignee for the benefit of creditors has no greater right than his assignor to ask to be relieved in equity from an illegal contract made by his assignor, who received the fruits of it and is incapable of coming into court with clean hands to have it set aside.

An equal participant in a violation of law by the making of an illegal contract will be given no assistance by the courts at law or in equity either in enforcing the contract or in avoiding its consequences.

The decision in *Gargano* v. *Pope,* 184 Mass. 571, that the participation of the plaintiff in the making of a champertous contract was not a bar to her application for relief, is an exception to the general rule, the parties there not being considered *in pari delicto,* but the doctrine of the exception ought not to be enlarged, and it does not include the case of one who has participated as purchaser in an illegal contract for the sale of intoxicating liquors and seeks to avoid payment for the property thus acquired.

KNOWLTON, C. J.   This is a bill in equity, brought to obtain an injunction to prevent the foreclosure of a mortgage of personal property by a sale in accordance with its terms, and to obtain a decree for the redemption of the mortgage.   The plaintiff is the assignee of the mortgaged property under a voluntary conveyance for the benefit of creditors made by the mortgagor and maker of the notes.   He contends that the notes and mortgage are void because they were given in payment for intoxicating liquor, the purchase of which was procured by solicitation in

violation of the R. L. c. 100, § 52, in a city in which licenses of the first five classes are not granted.

The judge found that the purchase was obtained through such solicitation, made in the city of Cambridge in violation of the statute, and that the sale was made and the liquors were delivered there. Upon this finding of facts the sale was in violation of R. L. c. 100, § 1, and the contract of sale was illegal and void.* The notes and mortgage given in payment for the liquors also were illegal, and the courts will not enforce them in favor of the holder. *Brigham* v. *Potter*, 14 Gray, 522. *Baker* v. *Collins*, 9 Allen, 253. *Warren* v. *Chapman*, 105 Mass. 87.

But this is not a case to enforce payment of the notes. The plaintiff, as assignee for creditors, has no greater rights than the person who obtained the liquors through this illegal contract. He comes into a court of equity and asks to be relieved from the contract which his assignor made. It is a familiar rule of law that one who seeks the aid of a court of equity must come with clean hands. *Snow* v. *Blount*, 182 Mass. 489, 491. *Lawton* v. *Estes*, 167 Mass. 181. The plaintiff comes as a participant in a violation of law by the making of an illegal contract. The court will give him no relief from the consequences of his participation in an unlawful act. The case is identical in principle with *Atwood* v. *Fisk*, 101 Mass. 363, in which the maker of a promissory note and mortgage, given in consideration of a promise by the payee to forbear to prosecute for an embezzlement, asked a court of equity to compel the surrender or cancellation of the note and mortgage. The language of the court, in refusing to give the plaintiff relief because he was a party to the illegal agreement to compound a felony, is equally applicable to the present case. The rule stated is that the law " will not recognize a right of action founded on the illegal contract, in favor of either party against the other. . . . Equity follows the rule of law and will not interfere for the benefit of one such party against a *particeps criminis*."

---

* The case was heard by *Wait*, J. He made a decree that the defendant discharge the mortgage and cancel the notes and return them to the plaintiff without any payment by him, and reported the case for determination by this court.

The decision in *Gargano* v. *Pope*, 184 Mass. 571, in which it was held that the participation of the plaintiff in making a champertous contract was not a bar to her application for relief, is an exception to the general rule. The case of *Reynell* v. *Sprye*, 1 DeG., M. & G. 660, the leading authority on which it was founded, presented an unusual state of facts calling for relief, and the illegal element was not that on which the decision mainly rested. Sir Knight Bruce, at page 679, stated the exception to the common rule as follows: "But where the parties to a contract against public policy, or illegal, are not in *pari delicto* (and they are not always so), and where public policy is considered as advanced by allowing either, or at least the more excusable of the two, to sue for relief against the transaction, relief is given to him." The facts in *Gargano* v. *Pope, ubi supra,* bring the case within this exception. But the doctrine of the exception ought not to be enlarged, and it does not include the case of one who has participated in an illegal contract for the sale of intoxicating liquor, and who seeks to avoid payment for the property conveyed to him.

*Bill dismissed.*

*W. F. Connor & J. C. Cronin,* for the defendant, submitted a brief.

No counsel appeared for the plaintiff.