ABRAHAM I. RUDNICK & another *vs.* JAMES R. MURPHY & others.

Suffolk. November 21, 22, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Certiorari. Building Laws. Boston.*

The granting of a writ of certiorari is always a matter of judicial discretion and the writ never is granted when it would operate inequitably, or unjustly.

The owner of a lot of land in Boston, who has built upon it a tenement house that extends over his whole lot without leaving an open yard behind it as required by St. 1907, c. 550, § 55, cannot maintain a petition for a writ of certiorari for the purpose of enforcing against the owner of the lot adjoining the rear of his lot the requirement of § 55 which he himself has violated.

PETITION, filed on May 7, 1912, by the owner and the mortgagee of a five-story stone apartment or tenement house on Hemenway Street in Boston, for a writ of certiorari addressed to the board of appeal of the building department of the city of Boston, created by St. 1907, c. 550, to quash the proceedings and decision of that board under § 8 of that statute granting an application of the trustees of the Fenway Trust, so called, for a permit for the erection of an apartment or tenement house at 60 Fenway on a lot of land adjoining the rear of the petitioners' lot in a manner purporting to be equivalent to that required by § 55 of the statute, which provides that back of such a tenement house there shall be a yard of the depth there designated extending across the entire width of the lot.

The case was heard by *Hammond*, J., who reserved and reported it for determination by the full court. The facts material to the decision are stated in the opinion.

*J. E. Macy*, for the petitioners.

*J. P. Lyons*, for the city of Boston.

*G. A. Sweetser*, for the respondents Partridge and Russell.

SHELDON, J. Some very interesting and important questions are raised in this case, which we do not find it necessary to consider; for, if all other matters were decided in favor of the petitioners, we are yet of opinion that the writ of certiorari ought not to be issued for their relief.

The petitioners seek to compel the owners of the adjoining lot
to build in a manner exactly opposite to that which they have
themselves adopted. They would require these adjoining owners
to leave in the rear of their lot a vacant space or yard of the
width required by St. 1907, c. 550, § 55, although the petitioners
themselves, in violation of the same statute, have left no vacant
space or open yard whatever upon the rear of their own land abut-
ting upon the rear of the land of these adjoining owners. The peti-
tioners have no property right in the obedience of their neighbors
to the statutory requirements (*Hagerty* v. *McGovern,* 187 Mass.
479), although we assume that the value of their property may
be so affected as to entitle them to prosecute this petition under
the provisions of § 129 of the statute already referred to. But
however much the value of their property may be affected by the
fact that a strip of only three feet wide of their neighbors' land
is to be left open for their advantage, it is plain that the damage
to those neighbors from the petitioners' act in leaving no open
space at all upon their own abutting land must be proportionally
much greater. After causing this loss to their neighbors, the peti-
tioners are not in a position to invoke the exercise of a discre-
tionary remedy to prevent less injurious action of the same kind
on the part of their neighbors. It is further to be borne in mind
that the loss of value to the petitioners' estate must be largely a
loss of the increment of value which they had wrongfully obtained
by occupying the whole of their own lot to the detriment of their
neighbors' property.

Evidently, if under this state of facts the petitioners' remedy
had been in equity, and if they were now seeking by equitable
process to compel their neighbors to leave open the full space which
it is claimed should be left open upon their neighbors' land, the
petitioners would fail, both for the reason that they who seek equity
must do equity, and because it could not be said that they came
into court with clean hands, or, as an old maxim puts it, "he that
hath committed iniquity shall not have equity." *Railroad Co.*
v. *Soutter,* 13 Wall. 517, 523, 524. *Johnson* v. *Moore,* 33 Kans. 90,
99. *Goble* v. *O'Connor,* 43 Neb. 49, 58. Their misconduct was in
regard to the very matter now in litigation, the leaving of an open
and unoccupied space between the buildings upon these two ad-
jacent lots of land; it has affected the relations of the parties and

of their respective properties to each other, and would result, if the petitioners' claim were maintained, in securing to them an unjust and inequitable advantage at the expense of their neighbors. This comes exactly within the restrictions of the rule stated in *Langdon* v. *Templeton,* 66 Vt. 173, 182, and in *Hays' estate,* 159 Penn. St. 381. The principle is declared in our own decisions. *Lawton* v. *Estes,* 167 Mass. 181. *Snow* v. *Blount,* 182 Mass. 489. *Downey* v. *Charles S. Gove Co.* 201 Mass. 251. *Wilson* v. *Jackson,* 204 Mass. 432, 436. And see the cases collected in 11 Am. & Eng. Encyc. of Law, (2d ed.) 162 *et seq.,* and 16 Cyc. 144 *et seq.* It is true that we have here not a suit in equity, but a suit at law; *Brockton* v. *County Commissioners,* 183 Mass. 42; but it is also true that the granting of a writ of certiorari is always a matter of judicial discretion, and never is allowed when it would operate inequitably and unjustly. *Rutland* v. *County Commissioners,* 20 Pick. 71, 78. *Hancock* v. *Boston,* 1 Met. 122, 123. *Stone* v. *Boston,* 2 Met. 220, 228. *Noyes* v. *Springfield,* 116 Mass. 87. *Ward* v. *Newton,* 181 Mass. 432, 433.

It does not matter that the petitioners may have acted in good faith in the erection of their building. That was true of the defendant's violation of another building law in *Eastern Expanded Metal Co.* v. *Webb Granite & Construction Co.* 195 Mass. 356. They must obey the law at their peril. Nor is it material that the value of their land might have been in some slight degree affected by the construction of the adjoining building as contemplated, even if they had themselves complied with the requirements of the statute. They would then have had a standing to make their complaint in court.

The pendency of the bill in equity against the petitioners can be of no consequence. If that bill can be maintained, and if the petitioners' contention as to the merits of the case is sound, and we make no intimation as to either question, it is difficult to see why the remedy in equity is not as available to one neighbor as to another. But if there is any other adequate remedy, the writ of certiorari should not be issued.

*Petition dismissed.*