J. MURRAY HOWE *vs.* HENRY H. CHMIELINSKI & another.

Suffolk.   December 3, 1920. — March 3, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Partnership. Trust. Voluntary Association. Agency. Equity Jurisdiction,* Plaintiff must come into court with clean hands.

By the terms of an agreement in writing creating a building trust with transferable shares, it was provided that the trustees should hold the legal title to the trust property and that vacancies in their number should be filled by three fourths in value of the shareholders, who also were empowered to depose and elect other trustees in their place and to change, alter or terminate the trust and direct the sale of the trust property, the proceeds of such sale to be distributed among the shareholders in proportion to their respective interests in the trust and, upon such termination, the trustees to be discharged from further liability. *Held,* that

(1) The trustees were managing agents subject to the control of the shareholders;

(2) Instead of a pure trust, a partnership existed for the purpose of carrying on business for the mutual benefit of the shareholders although the legal title to the property stood in the name of the trustees.

A purchase of certain real estate owned by the building trust above described was being sought by two persons, one of whom thought it to his advantage to own shares in the trust and purchased some and then agreed in writing with the other prospective purchaser that, if either purchased the trust property, the transaction, including the purchase of the shares in the trust, should be treated as made for their joint account and benefit. Thereafter the holdings of shares thus purchased were increased and the holder of such shares, without disclosing either to the trustees or to other shareholders his private interest or his agreement with the prospective purchaser and stating at a meeting of shareholders that the prospective purchaser was the sole purchaser, advocated, urged and voted for the sale and transfer of the property to such purchaser and the sale was consummated. Upon the purchaser thereafter refusing to be bound by the agreement as to the joint enterprise, the holder of the shares brought against him a suit in equity seeking to enforce that agreement. *Held,* that

(1) The plaintiff and his fellow shareholders in the building trust sustained to each other a fiduciary relation, a deliberate violation of which to their loss and to his individual gain would not be sanctioned by a court of equity;

(2) The plaintiff had engaged in inequitable conduct having an immediate and necessary relation to the matter for which he sought relief and would not be aided by a court of equity;

(3) It was wholly immaterial that the defendant, also an undisclosed participant, was not harmed but was benefited by the plaintiff's conduct.

BILL IN EQUITY, filed in the Superior Court on December 3, 1919, against Henry H. Chmielinski and the Polish Industrial Association, a corporation, praying that a partnership be decreed to exist between the plaintiff and Chmielinski in accordance with an agreement of partnership dated June 14, 1919, relating to the purchase of certain real estate from the Journal Building Trust, under which the defendant had procured title to the real estate; that the partnership be dissolved; that a receiver be appointed to take charge of the real estate, collect rents and sell and dispose of the property; that the defendant Chmielinski be enjoined from leasing, selling or otherwise disposing of or interfering with the property; that an accounting be taken relating to the income and disbursements in connection with the trust and a mortgage loan made by the defendant Polish Industrial Association; and for further relief.

Each defendant filed a demurrer alleging among other grounds that the plaintiff did not come into equity with clean hands and that the plaintiff was seeking to enforce a claim based upon the plaintiff's own fraud. Without waiving their demurrers each defendant filed an answer.

The case was heard upon demurrers by *Wait*, J., who overruled the demurrer of Chmielinski, and he appealed. The judge with the consent of all the parties ordered that the bill be dismissed as to the defendant the Polish Industrial Association.

A petition, filed on March 24, 1920, by Bronia Chmielinski, wife of the defendant Chmielinski, that she be made a party defendant was allowed and an answer was filed by her containing the same grounds of demurrer as those alleged by the other defendants. After a hearing the demurrer in this answer was overruled.

The case afterwards was heard by *Hammond*, J., upon the merits, the evidence being reported by a commissioner appointed under Equity Rule 35. Material evidence and findings by the judge are described in the opinion. By his order a final decree was entered dismissing the bill with costs. The plaintiff appealed.

*C. F. Choate, Jr.*, for the plaintiff.

*J. F. O'Connell & J. E. Crowley*, (*E. B. Rowe* with them,) for the defendants.

BRALEY, J. The findings of fact by the presiding judge being

amply supported by the evidence, we take up the questions of law in the order of presentation.

It is contended that, while the plaintiff and his associate shareholders under the provisions of the voluntary trust agreement may have been partners as to third parties, they did not as between themselves sustain this relation, and that in the transactions relating to the sale of the property as disclosed by the record, he was free to enrich himself at their expense. But, as was said in *Williams* v. *Milton,* 215 Mass. 1, 6, "Where persons associated themselves together to carry on business for their mutual profit, they are none the less partners because . . . their shares in the partnership are represented by certificates which are transferable and transmissible, and because . . . as a matter of convenience (if not of necessity in case of transferable and transmissible certificates) the legal title to the partnership property is taken in the name of a third person. The person in whose name the partnership property stands in such a case is perhaps in a sense a trustee. But speaking with accuracy he is an agent who for the principal's convenience holds the legal title to the principal's property." The eighth and twelfth articles of the trust agreement in question read as follows:

"At any meeting shareholders may vote by proxy, and three-fourths in value of said shareholders may at any meeting fill any vacancy existing in the number of the trustees, may depose any or all of the trustees, and elect others in their places, may direct the sale of the property held by the trustees, or any of it, and may change, alter, or terminate the trusts herein set forth, or substitute a new trust in place thereof. A vote or agreement in writing of three-fourths in interest of said shareholders shall be binding on all the shareholders, and on the trustees."

"That a majority in interest, representing three-fourths of the total value of the shares, may, as provided in the eighth article hereof, direct the sale of the trust property, and upon such sale and the distribution among the shareholders of the proceeds of such sale in proportion to their respective interests the trusts hereof shall be deemed to be terminated and the trustees discharged from further liability hereunder."

The trustees accordingly were managing agents subject to the control of the shareholders, and the judge correctly ruled that

instead of a pure trust, a partnership existed for the purpose of carrying on business for their mutual benefit although the legal title to the property stood in the name of the trustees. *Frost* v. *Thompson,* 219 Mass. 360. *Dana* v. *Treasurer & Receiver General,* 227 Mass. 562, 566–568. *Priestley* v. *Treasurer & Receiver General,* 230 Mass. 452. *Horgan* v. *Morgan,* 233 Mass. 381. *McMurtrie* v. *Guiler,* 183 Mass. 451, 453. The defendant and the plaintiff acting independently were in the market seeking to buy the property at the lowest price, when the plaintiff upon being informed of the defendant's efforts entered into an agreement with him whereby it was stipulated that neither would interfere with the other in the negotiations, but if either purchased the property the transaction should be treated as made for their joint account and benefit. While the judge finds that one of the trustees knew that the plaintiff and the defendant were interested, he had no knowledge of the agreement, and did not suspect that the plaintiff was seeking to purchase, but supposed they were acting together in buying stock, and that the defendant was the only purchaser known to the trustees. It appears however that, prior to this agreement, the plaintiff, actuated by the belief that it would be for his advantage to acquire a substantial number of shares so that he could obtain the property on more favorable terms, had taken options therefor to quite an extent, and the agreement also stipulated, that he should secure additional shares for the same general purpose, and ultimately they were to participate equally not only in the profits derived from the purchase and sale of the real property, but also of the shares. The total number was nine thousand three hundred and fifty, and "three-fourths in value of said shareholders may at any meeting . . . direct the sale of the property held by the trustees." And after the defendant with the plaintiff's knowledge had made two offers which were not accepted, and the plaintiff had increased his holdings to about two thousand three hundred shares, the defendant who meanwhile had continued to negotiate with the trustees made a third offer which was accepted at a duly called meeting of the shareholders. The plaintiff attended this meeting and without disclosing either to the trustees or to other shareholders his private interest, or his contract with the defendant to whom the property was to be sold and conveyed, voted his holdings for the

sale and transfer which by the anticipated rise in value resulted in a large profit. The unequivocal and uncontradicted evidence of the plaintiff is, that he advocated and urged the sale, and acted throughout in the interest of the defendant, and did not deem it his duty to inform the trustees or other shareholders that in fact although not in form he was one of the purchasers, but intentionally stated at the meeting that the defendant was the sole purchaser. It is unnecessary to comment on his conduct. The plaintiff and his fellow shareholders sustained to each other a fiduciary relation, a deliberate violation of which to their loss, and his individual gain, will not be sanctioned. *Arnold* v. *Maxwell*, 223 Mass. 47, and cases cited. *Erlanger* v. *New Sombrero Phosphate Co.* 3 App. Cas. 1218, 1244. A plaintiff who has engaged in inequitable conduct having an immediate and necessary relation to the matter for which he seeks relief will not be aided by a court of equity, and it is wholly immaterial in the case at bar that the defendant, also an undisclosed participant, has not been harmed but generally benefited. *Lawton* v. *Estes*, 167 Mass. 181. *Snow* v. *Blount*, 182 Mass. 489. *Downey* v. *Charles S. Gove Co.* 201 Mass. 251, 252. *Wilson* v. *Jackson*, 204 Mass. 432, 446. *Lovejoy* v. *Bailey*, 214 Mass. 134, 155. *Manufacturers National Bank* v. *Simon Manuf. Co.* 233 Mass. 85, 89, 90. *Selz* v. *Unna*, 6 Wall. 327. *Beekman* v. *Marsters*, 195 Mass. 205, relied on by the plaintiff, is plainly distinguishable.

The exceptions to the admission of evidence not having been argued need not be considered, and, finding no ground for reversal, the decree dismissing the bill should be affirmed with costs.

*Ordered accordingly.*