Israel Pelowsky vs. Samuel Silverman.

Suffolk.   March 26, 1923. — May 25, 1923.

Present: Rugg, C.J., Braley, DeCourcy, Pierce, & Carroll, JJ.

*Equity Jurisdiction*, Plaintiff's clean hands, To rescind contract.   *Contract*, Rescission.

A man, having obtained a divorce from his wife, the validity of which she questioned, and when he was subject to criminal prosecution for an assault upon her, paid money and gave a note to a third person who delivered to him a receipt stating that he held the money and note " in escrow " for delivery to the former wife when, " with the approval of the courts " " an enforceable agreement " should be made between the man and his former wife whereby, upon a certain payment by the man, he should be freed from " all claims and demands on account of support for herself and her two minor children, either past due, now due or which at any time to be due from " him, and that, if no such agreement were made within two weeks, the money and note should be returned to the man.   When the man made the agreement with the third person, he knew that the " enforceable agreement " stipulated for was unobtainable and he made the agreement for the principal object of gaining a dismissal of the criminal complaint against him and also to obtain a " Jewish divorce " from the woman and to get her to withdraw all questions as to the divorce he had obtained, all of which conditions were performed by her.   *Held*, that the man could not maintain a bill in equity against the third person, more than two weeks after the payment of the money, for a rescission of the arrangement and return of the money and note.

Bill in equity, filed in the Superior Court on March 23, 1922, seeking the rescission of the agreement described in the opinion and the return to the plaintiff of the money and note therein described.

In the Superior Court, the suit was heard by *Sanderson, J.,* a commissioner having been appointed under Equity Rule 35 for the taking of testimony.   Material facts are described in the opinion.   By order of the judge, a final decree dismissing the bill was entered.   The plaintiff appealed.

The case was submitted on briefs.

*J. W. Keith & L. G. Stone,* for the plaintiff.

*D. Flower,* for the defendant.

BRALEY, J.   The defendant on January 17, 1922, executed and delivered to the plaintiff the following instrument referred to in the record as " the receipt: "

" Received of Israel Polowsky, Two Hundred ($200) Dollars in cash and a promissory note made payable to Alter Epstein on account of Leah Polowsky, said Two Hundred ($200) Dollars and said promissory note to be retained by me in escrow until such time as an enforceable agreement shall be made between Israel Polowsky and Leah Polowsky, whereby the said Polowsky agrees to accept, subject to and with the approval of the courts, the sum of Fifteen Hundred ($1500) Dollars, of which $1500, the above $200 in cash and $500 promissory note, are part payment, for all claims and demands on account of support for herself and her two minor children, either past due, now due or which at any time to be due from said Israel Polowsky.

" At such time when the matter of securing the court's approval and the final consummation of the transaction mentioned hereinbefore, and upon the payment of the balance of Eight Hundred ($800) Dollars in cash, the said money and note left in escrow shall be turned over to the said Leah Polowsky.   Upon the failure to so carry out the transaction mentioned hereinbefore by the said Leah Polowsky and if the parties hereto meaning said Leah Polowsky and Israel Polowsky cannot come to any definite conclusion and the matter mentioned hereinbefore is not finally consummated in or within two (2) weeks subject to such extension as the said Samuel Silverman may permit to the said Israel Polowsky, the said $200 in cash and said note of $500 shall be returned and all relationship existing by virtue of this instrument shall cease."

The plaintiff on February 2, 1922, made a further payment of $725, and received from the defendant an acquittance which after reciting all the payments, closed with the statement, the balance " of $75 to be paid in near future upon final disposition of all matters pending between said parties in above receipt."   The bill asks, that the contract " be ordered rescinded," because the defendant who " has retained possession of said money and said note " was unable

to carry out the terms, and " conditions upon which said money and note was deposited with him."

The trial court dismissed the bill, and the case with a report of the evidence is here on the plaintiff's appeal.

It appears from the findings of fact, which upon examination of the record are shown to have been justified, that the plaintiff and Leah Polowsky were married in Russia where they lived together for at least a year; when, unaccompanied by his wife, he came to this country, and on October 25, 1919, obtained a decree for her alleged desertion in the Circuit Court of Baltimore. The plaintiff's wife however upon her subsequent arrival in the United States met him and questioned the validity of the divorce. During the interview, he assaulted her, and she made a criminal complaint against him, whereupon both husband and wife through the negotiations of their respective counsel came to an agreement whereby the plaintiff was to pay her $1,500 if she would consent to a dismissal of the complaint, raise no question as to the validity of the divorce, obtain " a Jewish divorce," and accept the payment in full satisfaction of any claims upon him for her own support and the support of their minor children, who at the date of the receipt were living with their father. The stipulated conditions have been fully complied with by Mrs. Polowsky, and it was after compliance, that the payments already stated were made. It is found that no enforceable agreement has been obtained by either the plaintiff or his wife, with the " approval of the court," and that the plaintiff " believed when said agreement was made and the money paid, that no enforceable agreement such as was called for in the receipt could be obtained." *Wolkovisky* v. *Rapaport*, 216 Mass. 48. The plaintiff's principal object was to " get his wife's consent to the disposition of the criminal case, and he believed when the money was deposited and note given in accordance with the terms of the receipt, he would be able to get them back," and although " informed by his counsel before he paid the money that the agreement was not a proper one for him to make," he raised no question as to its validity until the criminal case had been discontinued or dismissed, the money paid, and the note given.

It is manifest that the plaintiff planned not only to stifle prosecution of the pending complaint, but under a promise he did not intend to keep, to induce his wife to abandon any attempt to reopen and set aside the decree of divorce.

A court of equity under such circumstances will not assist the plaintiff in his attempt to rescind, but will leave him where he voluntarily has placed himself. *Jones* v. *Rice,* 18 Pick. 440. *Kennedy* v. *Welch,* 196 Mass. 592, 596. *Duane* v. *Merchants Legal Stamp Co.* 227 Mass. 466. *Howe* v. *Chmielinski,* 237 Mass. 532, 536. The decree should be affirmed with costs.

*Ordered accordingly.*