HARRY E. GAYNOR *et ux.* *vs.* PINCUS WAX *et al.*

JUNE 21, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

RATHBUN, J. This is a bill in equity praying for the cancellation of two mortgages of record on the complainants' real estate. Both mortgages were made by the complainants. One was made to respondent Pincus Wax and the other to respondent Samuel Wax. Relief is sought on the ground that the consideration given for each of said mortgages was illegal. The cause is before us on the complainants' appeal from a decree of the Superior Court dismissing the bill.

The complainants contend that the consideration for each of said mortgages was intoxicating liquors. The respondents contend that the consideration was money loaned to the complainants.

The testimony upon these issues was conflicting. The trial justice found that the complainants had not sustained the burden of proof. Said justice saw the witnesses and heard them testify. We have not that advantage. Counsel for complainants merely contend that the trial justice should have believed the testimony of complainants. After carefully reading the transcript we are of the opinion that the evidence warrants the finding made by said justice and that we can not say that the decision of said justice on the disputed facts was clearly erroneous; therefore there is no reason for disturbing his finding. Whitehouse Eq. Prac., Vol. 1, p. 857; *Nichols* v. *Hoxie*, 33 R. I. 77; *Low Estate Co.* v. *Lederer Realty Co.*, 39 R. I. 422; *Dugan* v. *McGarry*, 145 A. 169; *Revens* v. *Berth*, 145 A. 441.

Even if the finding of the trial justice was erroneous the complainants are not entitled to relief in a court of equity because they do not come with clean hands. The complainants boldly allege that they illegally purchased intoxicating liquors from the respondents and gave the mortgages in payment, or to secure the payment, of the purchase price.

Courts of equity refuse to grant relief to complainants under such circumstances. The refusal is not based upon any consideration for respondents. Equity leaves the parties where they placed themselves. The maxim is *in pari delicto conditio defendentis potior est*. In *Downey* v. *Charles S. Gove Co.*, 201 Mass. 251, the facts were substantially the same as in the case before us. The court in denying relief used language as follows: "But this is not a case to enforce payment of the notes. The plaintiff, as assignee for creditors, has no greater rights than the person who obtained the liquors through this illegal contract. He comes into a court of equity and asks to be relieved from the contract which his assignor made. It is a familiar rule of law that one who seeks the aid of a court of equity must come with clean hands. *Snow* v. *Blount*, 182 Mass. 489, 491; *Lawton* v. *Estes*, 167 Mass. 181. The plaintiff comes as a participant in a violation of law by the making of an illegal contract. The court will give him no relief from the consequences of his participation in an unlawful act." See also *Sullivan* v. *Horgan*, 17 R. I. 109; *Teoli* v. *Nardolillo*, 23 R. I. 87.

The appeal is denied, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Peter W. McKiernan, John C. Going, Ernest L. Shein*, for complainants.

*Philip C. Joslin*, for respondents.