**FOX–STANLEY PHOTO PROD-UCTS, INC.**

v.

**Harry K. OTAGURO and Shiryoku Incorporated.**

Civ. A. No. 71–3097.

United States District Court,
D. Massachusetts.

April 3, 1972.

**1294**

Herbert P. Kenway, Kenway, Jenney & Hildreth, Boston, Mass., for plaintiff.

Harold E. Cole, Boston, Mass., R. Shedrick Meek, Wayland, Mass., for defendants.

## MEMORANDUM and ORDER

CAFFREY, Chief Judge.

This is a civil action in which jurisdiction of this court is invoked on the basis of 15 U.S.C. § 1051 et seq., and on the basis of 28 U.S.C. § 1332. Plaintiff is a corporation organized under the laws of the State of Texas. The individual defendant is a resident of Massachusetts and the corporate defendant is a corporation organized under the laws of the Commonwealth of Massachusetts. Plaintiff seeks preliminary and permanent injunctive relief, a finding that defendants have wilfully infringed its trademarks and its trademark rights, money damages, and miscellaneous other relief.

The matter came before the court for an evidentiary hearing on plaintiff's motion for a preliminary injunction. After hearing, I find and rule as follows.

Plaintiff Fox-Stanley Photo Products, Inc., is a successor to earlier business entities, one of which was The Fox Company. It and its predecessors have been engaged, since approximately 1908, in dealing with photographic supplies of various and sundry kinds, including albums, print and picture frames, film, photographic paper, photographic processing kits, chemicals, cameras, flash attachments, lenses, etc. Many of the products sold by plaintiff are manufactured by other companies and sold with the trade name or trademark of the manufacturer thereon.

Plaintiff's predecessor originated a trademark with the words "The Fox Co." imprinted on a representation of a running or leaping fox. A predecessor of plaintiff originated a trademark for use in connection with photographic prints and enlargements made on glossy paper, said trademark being "Fox-Tone." In 1964, plaintiff originated a service mark for use in connection with the development and process printing of movie and still film, namely, "Fox Pro Color," together with a representation of the head of a fox. In 1965, plaintiff adopted the use of a service mark consisting of the words "Fox Photo" printed on a representation of a fox.

Plaintiff owns United States trademark Registration No. 163,773 for "Fox Tone;" Registration No. 222,662 for "The Fox Co." on a representation of a fox; Registration No. 536,960 for "The Fox Co." on a representation of a fox; and U. S. Service Mark Registration No. 832,719 for "Fox Pro Color" and a representation of the head of a fox. Plaintiff also owns Massachusetts trademark Registration No. 11,189 for a representation of a running fox bearing the words "The Fox Co." Significantly, plaintiff does not own a trademark registration nor a service mark registration under either state or federal law for a trade or service mark consisting of the words "Fox Photo" imprinted on a representation of a fox. Plaintiff never uses the word "Fox" alone in any trade or service mark it owns or claims.

Defendants began the distribution and sale of a magazine, which I would characterize as an art-type photographic magazine, called "FOX," on or about January 30, 1972. The magazine consists of groups of photographs and contains no written material or advertising. The fly-leaf of Vol. 1, No. 1, recites that "FOX" will be published six times a year during the last weeks of the months of January, March, May, July, September and November. It further recites that subscriptions are available at a cost of $30.00 per year and that all rights are reserved under a 1972 copy-

right by the corporate defendant Shiryoku Incorporated.

The factors to be considered on the question of the issuance or non-issuance of a preliminary injunction are whether or not irreparable harm will be suffered by the party seeking the injunction unless the injunction is granted, possible harm to the respondents if enjoined, and whether or not plaintiff has shown at the hearing a probability of eventual success on the merits of the litigation. Automatic Radio Mfg. Co. v. Ford Motor Co., 390 F.2d 113 (1 Cir. 1968).

■ At the hearing plaintiff placed in evidence a number of exhibits. Exhibits 2, 3, 7, 9, 10 and 11 all contain only a purported trade or service mark, consisting of a running red fox with the words "Fox Photo" imprinted thereon. Additionally, the trademark displayed in each of these instances contained the letter "R" surrounded by a circle, which normally and routinely is used to signify the existence of a valid trademark by the party using the trademark. I find that plaintiff does not own a trademark for a running red fox with the words "Fox Photo" imprinted thereon, and that plaintiff has no legal right whatsoever to represent to the public at large, by use of the letter "R" within a circle, that it does own a valid trademark. It is a familiar principle of equity that a party seeking injunctive relief must come into court with clean hands, and I rule that the illegal use of this trademark by plaintiff by and of itself is a violation of the clean hands doctrine of such a serious magnitude as to disqualify plaintiff from obtaining injunctive relief in this court. New York, New Haven & Hartford RR Co. et al. v. Pierce Coach Lines, Inc., et al., 281 Mass. 479, 183 N.E. 836 (1933).

■ As a separate and independent ground of this ruling I find, on the basis of the testimony of witnesses who appeared at the hearing, that plaintiff does not sell its products in any portion of the eastern area of the United States. More specifically, it does not sell any of its products in New England, New York, New Jersey, or any of the Middle Atlantic states. By and large it conducts the vast majority of its sales activity in the southwestern part of the United States, with limited sales moving as far east as Detroit, Michigan, but no farther. Plaintiff has failed to show that it has suffered any harm whatsoever by the publication of defendants' magazine, and likewise it has failed to show any reasonable probability or likelihood that it will suffer from the competition of this magazine in the future. There is no evidence that the magazine will dilute, demean, cheapen or otherwise harm plaintiff's trademarks.

At the hearing defendants established through exhibits that the name "Fox" is used in a variety of commercial listings in the telephone directories of the various major cities of the United States. There are Fox Photo Companies in New York, Chicago, and Boston, which have not been challenged by plaintiff.

Any claim that defendants "pirated" the name "Fox" from plaintiff, or that plaintiff's use of the name led defendants to adopt it, is put to rest by the testimony of the individual defendant, which I accept as factual, that the name "Fox" for the magazine in question was suggested to him by an art professor at Boston University who thought of the name because of the fact that in the early 1800's, prior to the inventions of Daguerre, one William Henry Fox Talbot invented photography and because Talbot was familiarly known as Fox-Talbot. Lastly, it should be noted that nothing adduced at the hearing on the motion for preliminary injunction indicated any possibility of confusion on the part of any substantial number of potential or actual customers of plaintiff. See Coca-Cola Co. v. Snow Crest Beverages, 162 F.2d 280 (1 Cir. 1947), cert. denied 332 U.S. 809, 68 S.Ct. 110, 92 L.Ed. 386.

Accordingly, it is

Ordered the motion for preliminary injunction is denied.